# CIRCUIT COURT OF THE CITY OF NORFOLK

BWT, L.L.C.,
t/a Instruments East

v.

Norfolk Redevelopment
and Housing Authority

November 6, 2001

Case No. (Law) L01-1262

BY JUDGE CHARLES D. GRIFFITH, JR.

On January 12, 1998, the Norfolk Redevelopment and Housing Authority (hereafter, "NRHA"), passed a resolution for the Hampton Boulevard Redevelopment Project ("the Project"), an area of the City of Norfolk which includes the Plaintiff's property. The Norfolk City Council approved the Project on January 27, 1998.

The Project proposed by NRHA and approved by Norfolk City Council provided for NRHA to acquire by eminent domain all properties within the Project area within one to five years from the date of resolution. To date NRHA has not filed proceedings for condemnation of the Plaintiff's property. Other property within the area has been acquired by NRHA and demolished in furtherance of the Project.

On June 1, 2001, the Plaintiff filed a Motion for Judgment seeking declaratory judgment pursuant to Va. Code § 8.01-187. The Plaintiff claims that the actions of NRHA in furtherance of the Project have resulted in a *de facto* taking of the Plaintiff's property. In support of his claims, the Plaintiff alleges that certain structural damage has occurred to the Plaintiff's building and that such structural damage constitutes a direct trespass upon the Plaintiff's property. The Plaintiff further alleges that there has been a diminished value in its property since the official enactment and approval of the Project. The Plaintiff alleges that there is an actual controversy as a result

of NRHA's actions and that Va. Code §§ 8.01-184 and 8.01-187 provide an appropriate legal means by which the Plaintiff may seek redress.

In support of Plaintiff's position, several authorities, many of which are from foreign jurisdictions, are cited for the proposition that the Plaintiff may pursue a process referred to as "inverse condemnation." Inverse condemnation proceedings occur where it is alleged that governmental action of some nature has resulted in either damage to property, or a *de facto* taking of property has occurred, thus necessitating proceedings wherein just compensation may be determined. None of the authorities cited by the Plaintiff involve governmental actions similar to the instant case wherein a governmental entity has resolved to acquire properties within an area within a particular timeframe and such governmental entity authority was actually involved in carrying out the project as proposed.

For example, In *Washington Market Enterprises v. City of Trenton*, 68 N.J. 107, 343 A.2d 408 (1975), a case wherein a land owner filed an action against the City of Trenton to compel the City to condemn certain property or, alternatively, to compel the City to pay damages for loss in the value of the land caused by certain activities of the City in connection with a redevelopment project which it abandoned, the decision of the trial court granting summary judgment in favor of the Defendant City was reversed. However, in that case, the effect of the abandonment of the project by the City resulted in adverse actions with respect to the Plaintiff's property and provided no other alternative by which the Plaintiff was able to obtain just compensation for the damages that resulted to its property. Had the City of Trenton not abandoned the project and proceeded to condemnation, the plaintiff in that case would not have needed to resort to an inverse condemnation proceeding.

In *Lincoln Loan Co. v. State Highway Comm'n*, 545 P.2d 105 (Oregon 1976), the Oregon Supreme Court reversed a judgment of their Court of Appeals sustaining the Circuit Court's sustaining of a Demurrer to a complaint seeking damages on a theory of inverse condemnation. Plaintiff Lincoln Loan claimed that actions of the Oregon State Highway Commission resulted in such damages to their property that the result was a *de facto* taking of the use and benefit of the property. However, in *Lincoln Loan*, the State Highway Commission initiated no action to specifically condemn the Plaintiff's property, thus leaving the Plaintiff with no remedy other than the inverse condemnation action.

Finally, *Richmond Elks Hall Assn. v. Richmond Development*, 561 F.2d 1327 (9th Cir. 1977), is a case wherein the Richmond Redevelopment Agency announced a project that included the Plaintiff's property. The intentions were for the Plaintiff's property to be condemned. As a result of

the project, the area where the Plaintiff's property was located suffered from damages and condemnation blight. However, the Richmond Redevelopment Agency ultimately determined that the agency was not going to attempt to acquire the property owned by Richmond Elks Hall Association. Thus, the only remedy remaining for Richmond Elks Hall to pursue in order to obtain compensation for the damages to their property as a result of the action of the Richmond Redevelopment Agency was the inverse condemnation action.

The damages claimed by the Plaintiff in the instant action are not the result of governmental or administrative regulatory action which results in loss of all economic and productive use of the real property. Therefore, cases cited such as *Lucas v. South Carolina Coastal Council*, 505 U.S. 103 (1993), and *Prince William County v. Omni Home, Inc.*, 253 Va. 59 (1997), do not apply to the action involved in this case.

The Court finds that *Pearsall v. Richmond Redevel. & Housing Auth.*, 218 Va. 892 (1978), controls this case. In *Pearsall*, the Virginia Supreme Court reviewed the legislative history of the relevant sections of the Code of Virginia, to wit § 36-27 and §§ 25-46.1 *et seq. Pearsall*, 218 Va. at 903-04. The Virginia General Assembly provides for the award of damages in condemnation proceedings that may result from a finding that a housing authority waited an unreasonable period of time before it proceeded with the actual taking of a target property. Thus, the damages the Plaintiff alleges in its Motion for Judgment are provided for in the legislatively enacted procedure for housing authorities to follow in acquiring properties through eminent domain. Further, according to Va. Code § 25-46.2, "Unless otherwise specifically provided by law, all proceedings for the condemnation of property under the power of eminent domain shall be brought and conducted according to the provisions of this chapter." Although the Plaintiff might argue that Va. Code § 8.01-187 is such an "otherwise specifically provided for" law, the Court finds that the specific provisions of Va. Code § 25-46.1 *et seq.* control the assessment of damages and value in these condemnation proceedings so long as NRHA continues to act according to the resolution adopted by the City Council regarding the Project. For the parties to proceed otherwise would thwart the orderly administration of the Project by NRHA by allowing property owners within the Project area to force condemnation proceedings on a timeline different from that contemplated by the Project.

Therefore, the Court sustains the Defendant's demurrer and orders the Plaintiff's petition dismissed with prejudice. The Court declines Defendant's request for attorney's fees or costs.